UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DRAKEFORD,<br><br>    Petitioner,<br><br>    v.<br><br>J. LIZARAGA,<br><br>    Respondent. | No. 2:17-cv-1571 MCE DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges the denial of parole by the state Board of Parole Hearings on the grounds that it renders his sentence so long that it constitutes cruel and unusual punishment in violation of the Eighth Amendment. On November 15, 2017, respondent filed a motion to dismiss the petition on the grounds that it is untimely and that petitioner fails to state a claim cognizable under § 2254. Petitioner has not filed a response; he seeks the appointment of counsel. Below, the court finds the petition is timely and that petitioner has stated a cognizable Eighth Amendment claim. The court will recommend denial of the motion to dismiss. In addition, the court will deny petitioner's request for the appointment of counsel.

////

////

1

## BACKGROUND

On January 21, 1985, petitioner plead guilty to attempted kidnapping for the purposes of robbery and to robbery. He was sentenced to an indeterminate life term with eligibility for parole after seven years. (ECF No. 1 at 1.) In his petition, petitioner states that at his eighth parole hearing on October 7, 2015, the parole board set a base term of twelve years, found him unsuitable for parole, and scheduled his next parole hearing for 2025. (Id. at 5-8.) Petitioner argues that the length of his sentence is disproportionate to his crimes in violation of the Eighth Amendment.

Petitioner states that he exhausted his claim through all three levels of state review. (Id. at 9.) He lists the most recent state court denial as May 10, 2017. In the motion to dismiss, (ECF No. 9 at 2), respondent describes the following timeline for petitioner's state court proceedings. Petitioner filed his first state petition in the Sacramento Superior Court on September 29, 2016.[1] After that petition was denied, petitioner filed petitions in the state appellate and supreme courts. The California Supreme Court denied the final petition on May 10, 2017.

Petitioner filed his present federal petition on July 25, 2017.[2] (ECF No. 1.)

## MOTION TO DISMISS

Respondent moves to dismiss the petition on two grounds. First, respondent argues that the petition is untimely because petitioner filed it outside the one-year limitations period. Second, respondent argues petitioner fails to state a cognizable claim. Petitioner did not file an opposition to the motion. He explains that he no longer has the assistance of the inmate who helped him prepare the petition and that, due to his mental capacity he is unable to respond to the motion. Petitioner seeks the appointment of counsel.

////

---

[1] Respondent provides a copy of petitioner's superior court habeas petition. The date identified as its filing date is the date petitioner signed his petition. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (a pro se prisoner's filing is deemed filed when he delivers it to prison authorities for mailing). That date is the earliest date the petition could be considered filed.

[2] The proof of service attached to the petition shows that petitioner provided it to authorities for mailing on July 25, 2017. (ECF No. 1 at 22.)

While petitioner has not filed an opposition to respondent's motion, and this court could, therefore, find in respondent's favor solely on that basis, see E.D. Cal. R. 230(l) (lack of opposition to a motion can be deemed a waiver of any opposition), the court finds that the interests of justice are best served by considering respondent's motion. Based on the court's review of that motion and of petitioner's petition, the court recommends the motion be denied.

**I.     Legal Standards for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602–03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"); Vargas v. Adler, 2010 WL 703211, at *2 (E.D. Cal. 2010) (granting motion to dismiss a habeas claim for failure to state a cognizable federal claim). Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus: on its own motion under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, 2008 WL 3244143, at *1 (E.D. Cal. Aug.7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**II.    Statute of Limitations**

**A. Legal Standards**

The habeas statute's one-year statute of limitations provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

////

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under subsection (d)(1)(A), the limitations period runs from the time a petition for certiorari to the United States Supreme Court was due, or, if one was filed, from the final decision by that court. Lawrence v. Florida, 549 U.S. 327, 339 (2007). When a prisoner challenges a decision of the parole board, the statute runs from the date of the board's final decision. Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003) (factual predicate of petitioner's challenge to parole board decision was known when parole board denied petitioner's administrative appeal).

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). "The period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled—because it is part of a single round of habeas relief—so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) (citing Evans v. Chavis, 546 U.S. 189, 191-93 (2006)); see also Carey v. Saffold, 536 U.S. 214, 216-17 (2002) (within California's state collateral review system, a properly filed petition is considered "pending" under section 2244(d)(2) during its pendency in the reviewing court as well as during

////

the interval between a lower state court's decision and the filing of a petition in a higher court, provided the latter is filed within a "reasonable time").

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An extraordinary circumstance must be more than merely "'oversight, miscalculation or negligence on [the petitioner's] part.'" Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)). Rather, petitioner must show that some "external force" "stood in his way." Id. "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotation marks omitted).

**B. Analysis**

The initial question is when the statute of limitations began to run. Respondent argues that the statute started running on October 7, 2015, the date of petitioner's parole board hearing and when he learned of the decision denying him parole. Respondent cites Redd in support of his argument. However, the board's proceedings addressed in Redd are not the same as the proceedings in the present case. In Redd, the trigger date for the statute of limitations was the date the parole board denied the prisoner's administrative appeal of its decision denying parole. 343 F.3d at 1084. California subsequently eliminated administrative review for parole board hearings. Now, the provisions of the California Code of Regulations expressly state that a Board decision is only a proposed decision and does not become final until 120 days after the hearing date. Cal. Code Regs. tit. 15, § 2043 ("Any proposed decision granting, modifying, or denying a parole date for a life prisoner, exclusive of those made during Progress Hearings, shall become final no later than 120 days after the hearing at which the proposed decision was made."); see also Cal. Penal Code § 3041(b)(2) ("After July 30, 2001, any decision of the parole panel finding an inmate suitable for parole shall become final within 120 days of the date of the hearing....")
////

5

Redd makes clear that the factual predicate to trigger the statute of limitations is the date the prisoner learns that further administrative review by the Board comes to an end, which at the time Redd was decided was the date a prisoner's administrative appeal was denied, not the hearing date or the "effective" date of the Board's decision. Redd, 343 F.3d at 1079-82. In the present case, the board hearing was held on October 7, 2015. Attached to petitioner's petition is a copy of the Board's "Proposed Parole Consideration Decision." (ECF No. 1 at 18-19.) The document makes clear that the October 7 decision is not final. It states that "the Board's decision at the hearing is only proposed and NOT FINAL. It will not become final until it is reviewed." (Id. at 18 (emphasis in original).) Under California's regulatory scheme, the board's decision was final 120 days later on February 4, 2016. See Williams v. Rackley, No. 2:15-cv-1191 GEB KJN P, 2016 WL 1360136, at *3 (E.D. Cal. Apr. 6, 2016) (statute of limitations for habeas claim re parole board decision did not begin to run until the 120-day period concluded). That means the statute of limitations began to run the following day, on February 5, 2016 and expired one year later on February 4, 2017.

Petitioner filed his petition here on July 25, 2017, 171 days after the expiration of the limitations period.

Respondent does not contest that petitioner is entitled to statutory tolling from the time he filed his habeas petition with the state superior court on September 29, 2016 through the date of the California Supreme Court's denial of his third state habeas petition on May 10, 2017. There were a total of 223 days between those two dates. Accordingly, petitioner is entitled to 223 days of statutory tolling. When the statutory tolling is considered, petitioner's federal petition was filed 52 days before the expiration of the limitations period and should be considered timely. Respondent's motion to dismiss the petition was untimely should be denied.

**III.  Does Petitioner State a Cognizable Claim?**

The petition should only be dismissed on a motion to dismiss if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Rule 4, Rules Governing Section 2254 Cases. Respondent argues the merits of petitioner's claim. (See ECF No. 9 at 4-6.) He does not show that the claim is not cognizable in

this habeas action. A claim that a sentence is disproportionate to the crime is actionable under the Eighth Amendment. See, e.g., Ewing v. Davis, 538 U.S. 11, 20 (Eighth Amendment contains a "narrow proportionality principle" that "applies to noncapital sentences." (Citations omitted.)). While it is true that "successful challenges to the proportionality of particular sentences should be exceedingly rare," id. at 22 (citing Hutto v. Davis, 454 U.S. 370, 374 (1982)), the fact that plaintiff may face a high hurdle to succeed on his claim does not mean that he has not stated one. Respondent should be ordered to answer the petition.

**MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner requests appointment of counsel. (ECF No. 13.) He argues that due to his mental capacity, which he does not explain, he is unable to proceed. In addition, petitioner points to his lack of legal knowledge and poverty.

Petitioner is informed that there is no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Although 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of a habeas proceeding "if the interests of justice so require," See Rule 8(c), Fed. R. Governing § 2254 Cases, the court finds that the interests of justice do not require appointment of counsel in this case at the present time. Petitioner's request will be denied without prejudice to a renewal of the motion, if appropriate, at a later stage of these proceedings.

For the reasons set forth above, IT IS HEREBY ORDERED that petitioner's motion for the appointment of counsel (ECF No. 13) is denied.

Further, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 9) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties

are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 27, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/drak171.mtd fr

8