UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DRAKEFORD,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>J. LIZARAGA,<br><br>　　　　　　Respondent. | No. 2:17-cv-1571 KJM DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is serving a sentence of seven years to life imposed by the Sacramento County Superior Court in 1985 for convictions on two counts of attempted kidnapping to commit robbery, robbery, and use of a firearm. He challenges a California Board of Parole Hearings' ("Board") decision finding him unsuitable for parole and resulting in a period of incarceration of, at this point, over thirty years. Petitioner alleges that decision resulted in a sentence disproportionate to his crimes in violation of the Eighth Amendment. For the reasons set forth below, this court will recommend the petition be denied.

**BACKGROUND**

In 1984, petitioner plead guilty, and was convicted of, two counts of attempted kidnapping for the purpose of robbery in violation of Cal. Penal Code §§664 and 209(b) and robbery in

////

1

violation of Penal Code § 211.  (See ECF No. 20 at 22.[1])  After application of a sentence enhancement for use of a firearm, petitioner was sentenced to seven years to life in prison.  (Id. at 23.)  Petitioner states that he has been considered for parole eight times.  Each time he was found not suitable.

In 2015, petitioner had his most recent hearing before the Board to determine his suitability for parole.  (See Trscrpt. of Oct. 7, 2015 Bd. Hrg. (ECF No. 20 at 26-106).)  The Board recognized that petitioner's "minimum eligible parole date" was March 23, 1996.  (Id. at 95.)  The Board found that petitioner posed "an unreasonable risk of danger to society or a threat to public safety" and was, therefore, "not eligible for parole."  (Id. at 96.)  It determined that petitioner's eligibility should be considered again in ten years.  (Id. at 101.)

In 2016, petitioner filed a habeas petition in the Sacramento County Superior Court in which he contended that his incarceration violated the proportionality principles in the Eighth Amendment and in the California Constitution.  (ECF No. 20 at 9.)  On January 10, 2017, the superior court denied the petition in a reasoned opinion.  (Id. at 112.)

Petitioner raised the same claim in the California Court of Appeal on February 8, 2017.  (ECF No. 20 at 115.)  That court denied the petition without comment.  (Id. at 157.)  He then petitioned the California Supreme Court on March 27, 2017.  (Id. at 139.)  The California Supreme Court denied the petition "without prejudice to any relief to which petitioner may be entitled after this court decides *Butler on Habeas Corpus*, S237014.[2]  (ECF No. 1 at 21.)

Petitioner filed the § 2254 petition here on July 28, 2017.  (ECF No. 1.)  After the court denied respondent's motion to dismiss, respondent filed an answer on April 13, 2018.  (ECF Nos. 15, 18, 20.)  Petitioner filed a traverse on May 4, 2018.  (ECF No. 21.)

////

---

[1] Respondent attached relevant portions of the state court record to his answer.  (See ECF No. 20.)

[2] The California Supreme Court has now decided In re Butler, 4 Cal. 5th 728 (2018).  One of the questions in Butler was the role of "base terms," which were used to calculate the earliest possible release date for a prisoner with an indeterminate sentence.  The California Supreme Court held that statutory changes made the base term calculations unnecessary to avoid unconstitutionally long terms of incarceration.  Id. at 747.

2

# STANDARDS OF REVIEW APPLICABLE TO HABEAS CORPUS CLAIMS

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Greene v. Fisher, 565 U.S. 34, 37 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "'may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably.'" Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 569 U.S. 58, 64 (2013) (citing Parker v. Matthews, 567 U.S. 37 (2012)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct." Id. at 1451. Further, where courts of appeals have diverged in their

////

3

treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003) (quoting Williams, 529 U.S. at 405-06). "Under the 'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e] [Supreme] Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.'" Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (quoting Williams, 529 U.S. at 413); Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411; see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Andrade, 538 U.S. at 75 ("It is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous." (Internal citations and quotation marks omitted.)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

There are two ways a petitioner may satisfy subsection (d)(2). Hibbler v. Benedetti, 693 F.3d 1140, 1146 (9th Cir. 2012). He may show the state court's findings of fact "were not supported by substantial evidence in the state court record" or he may "challenge the fact-finding process itself on the ground it was deficient in some material way." Id. (citing Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004)); see also Hurles v. Ryan, 752 F.3d 768, 790-91 (9th Cir.

4

2014) (If a state court makes factual findings without an opportunity for the petitioner to present evidence, the fact-finding process may be deficient and the state court opinion may not be entitled to deference.). Under the "substantial evidence" test, the court asks whether "an appellate panel, applying the normal standards of appellate review," could reasonably conclude that the finding is supported by the record. Hibbler, 693 F.3d at 1146 (9th Cir. 2012).

The second test, whether the state court's fact-finding process is insufficient, requires the federal court to "be satisfied that any appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate." Hibbler, 693 F.3d at 1146-47 (quoting Lambert v. Blodgett, 393 F.3d 943, 972 (9th Cir. 2004)). The state court's failure to hold an evidentiary hearing does not automatically render its fact finding process unreasonable. Id. at 1147. Further, a state court may make factual findings without an evidentiary hearing if "the record conclusively establishes a fact or where petitioner's factual allegations are entirely without credibility." Perez v. Rosario, 459 F.3d 943, 951 (9th Cir. 2006) (citing Nunes v. Mueller, 350 F.3d 1045, 1055 (9th Cir. 2003)).

If a petitioner overcomes one of the hurdles posed by section 2254(d), this court reviews the merits of the claim de novo. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised."). For the claims upon which petitioner seeks to present evidence, petitioner must meet the standards of 28 U.S.C. § 2254(e)(2) by showing that he has not "failed to develop the factual basis of [the] claim in State court proceedings" and by meeting the federal case law standards for the presentation of evidence in a federal habeas proceeding. See Cullen v. Pinholster, 563 U.S. 170, 186 (2011).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[I]f the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, [this court] may consider both decisions to 'fully ascertain the

5

reasoning of the last decision.'" Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc) (quoting Barker v. Fleming, 423 F.3d 1085, 1093 (9th Cir. 2005)). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, 293 (2013). When it is clear, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

**ANALYSIS**

Petitioner argues his incarceration for over thirty years is grossly disproportionate to his crimes in violation of the Eighth Amendment. Initially, this court notes that petitioner misconstrues the focus of the Eighth Amendment analysis. The Board's decision, while lengthening his physical term of confinement, does not change his original sentence. As petitioner is serving an indeterminate sentence, it is possible that he may be paroled, but it is also possible that he shall remain incarcerated for the entire life term. The question, then, is whether the sentence imposed, seven years to life, was so disproportionate to petitioner's crimes that it violates the Eighth Amendment.

To the extent petitioner is challenging the Board's decision, this court notes that "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout v. Cooke, 562 U.S. 216, 220 (2011); see also Harris v. Long, No. CV 12–1349–VBF (PLA), 2012 WL 2061698, at *8 (C.D. Cal. May 10, 2012) ("[T]he Court is unaware of any United States

Supreme Court case holding that either the denial of parole and continued confinement of a prisoner pursuant to a valid indeterminate life sentence, ... constitutes cruel and unusual punishment in violation of the Eighth Amendment."), rep. and reco. adopted, 2012 WL 2061695 (C.D. Cal. June 6, 2012); Prellwitz v. Sisto, No. Civ S-07-0046 JAM EFB P, 2012 WL 1594153, at *6 (E.D. Cal. May 4, 2012) (rejecting a similar Eighth Amendment claim and holding that "[w]hile petitioner might have hoped or expected to be released sooner, the Board's decision to deny him a parole release date has not enhanced his punishment or sentence."), rep. and reco. adopted, No. CIV S-07-0046 JAM EFB (E.D. Cal. July 27, 2012); Rosales v. Carey, No. CIV S–03–0230 JAM DAD (TEMP) P, 2011 WL 3319576, at *8 (E.D. Cal. Aug.1, 2011) ("[T]he Ninth Circuit has said that any emotional trauma from dashed expectations concerning parole 'does not offend the standards of decency in modern society.'") (quoting Baumann v. Arizona Dept. of Corrections, 754 F.2d 841 (9th Cir.1985)), rep. and reco. adopted, No. CIV S-03-0230 JAM DAD (E.D. Cal. Sept. 29, 2011).

**I.     Eighth Amendment Standards**

The Eighth Amendment to the United States Constitution proscribes "cruel and unusual punishments." U.S. Const. amend. VIII. The United States Supreme Court has held that the Eighth Amendment includes a "narrow proportionality principle" that applies to terms of imprisonment. See Graham v. Florida, 560 U.S. 48, 60 (2010); Harmelin v. Michigan, 501 U.S. 957, 996, (1991) (Kennedy, J., concurring); see also Taylor v. Lewis, 460 F.3d 1093, 1097 (9th Cir. 2006). However, the precise contours of this principle are unclear, and successful challenges in federal court to the proportionality of particular sentences are "exceedingly rare." Solem v. Helm, 463 U.S. 277, 289-90 (1983); see also Ramirez v. Castro, 365 F.3d 755, 775 (9th Cir. 2004). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Harmelin, 501 U.S. at 1001 (Kennedy, J., concurring) (citing Solem, 463 U.S. at 288, 303).

In assessing the compliance of a non-capital sentence with the proportionality principle, a reviewing court must consider "objective factors" to the extent possible. Solem, 463 U.S. at 290.

Foremost among these factors are the severity of the penalty imposed and the gravity of the offense. "Comparisons among offenses can be made in light of, among other things, the harm caused or threatened to the victim or society, the culpability of the offender, and the absolute magnitude of the crime." Taylor, 460 F.3d at 1098.

The following decisions of the United States Supreme Court illustrate these principles. In Harmelin, the Supreme Court upheld a life sentence without the possibility of parole for a first-time offender convicted of possessing 672 grams of cocaine. Harmelin, 501 U.S. at 961. In Andrade, the Supreme Court held that it was not an unreasonable application of clearly established federal law for the California Court of Appeal to affirm a "Three Strikes" sentence of two consecutive 25-year-to-life imprisonment terms for a petty theft with a prior conviction involving theft of $150.00 worth of videotapes. Andrade, 538 U.S. at 75. In Ewing, the Supreme Court held that a "Three Strikes" sentence of 25 years to life in prison imposed on a grand theft conviction involving the theft of three golf clubs from a pro shop was not grossly disproportionate and did not violate the Eighth Amendment. 538 U.S. at 29. In Hutto v. Davis, 454 U.S. 370 (1982), the Supreme Court upheld the defendant's sentence of 40 years in prison after his conviction for possession of nine ounces of marijuana and drug paraphernalia. Finally, in Rummel v. Estelle, 445 U.S. 263 (1980), the Supreme Court upheld a sentence of life with the possibility of parole for a defendant's third nonviolent felony: obtaining money by false pretenses.

**II.     State Court Decision**

Because the California Supreme Court and Court of Appeal denied petitioner's claim without analysis, the opinion of the Superior Court is the "last reasoned decision" of the state court for purposes of determining the reasonableness of the state court decision under § 2254(d). See Stanley, 633 F.3d at 859. The Superior Court cited case law for the proposition that a "prisoner cannot be held for a period of time grossly disproportionate to his or her individual culpability for the commitment offense." However, the court did not then appear to consider disproportionality. Rather, the court noted that the Board's decision was based on petitioner's "74 disciplinary findings" while in prison, some of which were for violent actions, and concluded

that "[t]here is nothing about proportionality that requires the Board of Parole Hearings to release an inmate who is currently dangerous." (ECF No. 20 at 112.)

It is unclear from the Superior Court's opinion if it considered whether petitioner's seven-years-to-life sentence is grossly disproportionate to his crimes, as required by the Eighth Amendment. However, this court need not determine just whether the Superior Court did, or can be considered to have, conducted that analysis. This court's recommendation is the same regardless of whether the Superior Court correctly applied federal legal standards. If the court did so, then, for the reasons set forth in the following section, its decision was not objectively unreasonably under 28 U.S.C. § 2254(d). If the court failed to consider petitioner's claim under the applicable federal law, then this court should consider petitioner's claim de novo. See Delgadillo, 527 F.3d at 925. Below, this court conducts that de novo review to find petitioner's Eighth Amendment claim should fail.

**III.    Does Petitioner's Sentence Violate the Eighth Amendment?**

Pursuant to the authorities cited above, the sentence imposed on petitioner, while certainly harsh, is not grossly disproportionate to his crimes of conviction. Petitioner plead to, and was convicted of, two counts of attempted kidnapping for the purpose of robbery and one count of robbery. Petitioner also plead guilty to using a gun during the kidnappings. The transcript of petitioner's most recent parole hearing shows that his kidnapping crimes involved two incidents of entering a car with a female driver, pointing a gun at the driver, ordering her to drive, and robbing her. In addition, petitioner struck one of the victims in the head with his pistol, which discharged into the car as he was striking the victim, and stole her car. He ordered the second victim to unzip her pants and reached his hand into her pants to, he informed the Board, determine if she was hiding any drugs or other valuables there. (See ECF No. 20 at 35-48.)

Petitioner's current crimes are far more serious than the petty theft convictions before the court in Andrade, the shoplifting conviction in Ewing, the conviction for obtaining money under false pretenses at issue in Rummel, and the conviction for possession of .036 grams of cocaine in Taylor, all of which involved the imposition of lengthy sentences which were upheld against an Eighth Amendment challenge. Moreover, the California legislature has authorized long terms of

incarceration to punish petitioner's crimes, which involved violence, and petitioner has pointed to no clearly established Supreme Court precedent that "forecloses that legislative choice." See Ewing, 538 U.S. at 30 n. 2; see also Belgarde v. Montana, 123 F.3d 1210, 1215 (9th Cir.1997) ("Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds.").

This court notes that cases in which courts found lengthy sentences violated the Eighth Amendment vary significantly from petitioner's conviction for two serious and violent felonies. In Solem, the petitioner was sentenced to life without parole for "one of the most passive felonies a person could commit" - writing a $100 bad check. 463 U.S. at 296. Further, while he had prior felonies, each was "relatively minor" and the Court noted that the petitioner was "not a professional criminal." Id. at 297 & n. 22. The Court determined that the petitioner's sentence was "significantly disproportionate to his crime" and violated the Eighth Amendment. Id. at 303.

In Ramirez, the Ninth Circuit considered the petitioner's 25-years-to-life sentence on a conviction for petty theft, a wobbler offense. 365 F.3d at 768. The petitioner had just two prior robbery convictions, also for shoplifting. The court found this sentence to be one of the "exceedingly rare" case in which the sentence imposed is grossly disproportionate to the crimes. Id. at 770. In particular, the court noted that petitioner Ramirez's criminal history "pales in comparison to the lengthy recidivist histories discussed [] in Solem, Ewing, and Andrade. Id. at 769.

In Gonzalez v. Duncan, 551 F.3d 875 (9th Cir. 2008), the Ninth Circuit considered a three strikes sentence of 28 years to life imposed for the "passive" and "harmless" offense of failing to update a sex offender registration within the prescribed time. While the petitioner had significant prior convictions for cocaine possession, committing a lewd act with a child under 14 years of age, attempted rape by force, and second-degree robbery, the court found the "technical" nature of the petitioner's crime and the fact that his current offense was not the type that the anti-recidivism statute was designed to punish, to conclude the petitioner's sentence was grossly disproportionate.

////

Courts have held that sentences of life without the possibility of parole ("LWOP"), a sentence far more severe than petitioner's, are not disproportionate to a variety of offenses. The United States Supreme Court held that an LWOP sentence was not disproportionate to a first felony conviction for possession of a large amount of cocaine. Harmelin, 501 U.S. at 995. The Ninth Circuit has held that LWOP was not disproportionate for: (1) a conviction for felony burglary with a lengthy history of convictions for burglary, attempted grand larceny, and felon in possession of a firearm, Carpenter v. Neven, 735 F. App'x 379 (9th Cir. 2018); (2) a conviction for first degree child molestation with a criminal history of child molestation, Norris, 622 F.3d at 1296; and (3) convictions for possession of cocaine with intent to distribute and felon in possession of a firearm with three prior felony drug convictions, United States v. Van Winrow, 951 F. 2d 1069 (9th Cir. 1991). See also Voight v. Gipson, No. SACV 12-1231-AG(DTB), 2014 WL 1779816, at *18-24 (C.D. Cal. Apr. 30, 2014) (390-years-to-life sentence for convictions on five counts of lewd act upon a child under the age of 14 did not violate Eighth Amendment).

For the reasons explained above, this is not a case where "a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." Solem, 463 U.S. at 1004–05. Petitioner cites a few decisions of the United States Supreme Court for the general proposition that the Eighth Amendment bars sentences that are disproportionate to the crime committed. However, he cites no federal case law, much less any holdings of the United States Supreme Court, supporting his argument that his sentence is disproportionate. Because this court finds petitioner does not raise an inference of gross disproportionality, the undersigned need not compare petitioner's sentence to the sentences of other defendants. Harmelin, 501 U.S. at 1005; United States v. Meiners, 485 F.3d 1211, 1213 (9th Cir. 2007) ("[I]n the rare case in which a threshold comparison [of the crime committed and the sentence imposed] leads to an inference of gross disproportionality, we then compare the sentence at issue with sentences imposed for analogous crimes in the same and other jurisdictions.").

For the reasons set forth above, this court finds petitioner's sentence is not one of the "exceedingly rare" instances of a sentence that is so disproportionate to the crimes that it violates the Eighth Amendment. See Hung Duong Nguon v. Virga, No. 2:12-cv-1913 MCE CMK P,

2014 WL 996215, at *2 (E.D. Cal. Mar. 13, 2014) (life sentence not disproportionate to convictions for kidnapping and robbery with use of a firearm), rep. and reco. adopted, No. 2:12-cv-1913 MCE CMK P (E.D. Cal. Mar. 28, 2014).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's petition for a writ of habeas corpus be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: February 28, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-habeas/drak1571.fr